UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| POLYFLOW, LLC, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. _____ |
| § | |
| SPECIALTY RTP, LLC and § | |
| JOHN R. WRIGHT, JR., § | |
| § | |
| *Defendants*. § | |

**ORIGINAL COMPLAINT TO COMPEL ARBITRATION**

Plaintiff Polyflow, LLC ("Polyflow") seeks an order that its arbitration demand against Defendants Specialty RTP, LLC ("Specialty RTP") and John R. Wright, Jr. ("Wright") (collectively "Defendants") proceed and for the appointment of an arbitrator, as provided by the Federal Arbitration Act and the Texas Arbitration Act.

**JURISDICTION AND VENUE**

1. This action arises under the Federal Arbitration Act, 9 U.S.C. § 1 *et seq*. and the Texas Arbitration Act, Tex. Civ. Prac. & Rem. Code § 171.001 *et seq*.

2. Polyflow is a limited liability company organized under the laws of the State of Delaware that maintains a place of business in Texas.

3. Defendant Specialty RTP, LLC is a Delaware limited liability company created by defendant John R. Wright, Jr. with its principal place of business in Pennsylvania, listing its address as 12 S. Bacton Hill Rd., Unit One, Malvern, Pennsylvania 19355. Specialty RTP, LLC is registered to do business in Texas. The registered agent for Specialty RTP is BlumbergExcelsior Corporate Services, Inc., 725 Decker Prairie Drive, Austin, Texas 78748. Specialty RTP also can be served through its principal, Defendant John R. Wright, Jr.

4. Defendant John R. Wright, Jr. is an individual residing at 172 Beaumont Road, Devon, Pennsylvania 19333. Defendant Wright is believed to be the sole member of and also an officer of defendant Specialty RTP.

5. This Court has personal jurisdiction over Specialty RTP and Wright because each: (1) transacts business in this state; (2) is believed to maintain a business location in this state, in or near Houston; (3) engages in false and deceptive forms of advertising in this state, (4) engages in wrongful acts inside this state; and/or (5) engages in wrongful acts outside this state that have caused harm in this state. Specialty RTP and Wright also entered into a settlement agreement in Texas that is governed by the laws of Texas, and that provides for a Harris County, Texas venue. Ex. A (filed separately under seal).

6. The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 (diversity, with the amount in controversy more than $75,000) and 1332 (federal question, e.g., the Lanham Act claims), as well as 28 U.S.C. § 1367 (supplemental for any state claims).

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391, as well as the settlement agreement signed by Polyflow and Defendants.

## FACTUAL BACKGROUND

**A.     Polyflow's products and services for the oil and gas industry.**

8. Plaintiff Polyflow develops, manufactures, and sells products and services for the oil and gas industry. Polyflow began operating in April 2011.

9. In particular, Polyflow manufactures and sells in interstate commerce a line of reinforced thermoplastic pipe ("RTP pipe") specially formulated for use in modern oil and gas production. Polyflow's products are marketed and sold under the registered tradename and mark of Thermoflex.

**B.    Polyflow files suit against Wright and Specialty RTP.**

10.   Defendant Wright is a former president of Polyflow, who created a company, Specialty RTP, to compete with Polyflow in the interstate market for RTP pipe. Wright and Specialty RTP misappropriated Polyflow's trade secrets and confidential information and made false statements to the market regarding Polyflow's business.

11.   Because of Defendants' wrongful conduct, Polyflow filed suit in the United States District Court for the Southern District of Texas in a case styled *Polyflow LLC v. Specialty RTP LLC and John R. Wright, Jr.*, Case No. 15-02817.  Polyflow alleged, among other things, breach of contract, violations of the Lanham Act, and misappropriation of trade secrets.

**C.    Polyflow and Defendants sign a settlement agreement, which Defendants never intended to comply with and never complied with.**

12.   The parties eventually settled the lawsuit under the terms of a settlement agreement with an effective date of February 24, 2017 (the "Settlement Agreement").  Ex. A (filed separately under seal).  The Settlement Agreement contains the relevant arbitration provision:

> The sole and exclusive jurisdiction and venue for an action arising out of the Agreement shall be an arbitration in Harris County, Texas, except for the purposes of Texas Civil Practice & Remedies Code § 171.086, including but not limited to preliminary relief (subject to the right of any party to seek modification of any preliminary relief or other court orders after arbitrator is appointed) and to compel or enforce any award, which will also be in the sole and exclusive jurisdiction and venue of the courts in Harris County, Texas.

Ex. A, Settlement Agreement, at 9, ¶ C.4.  The arbitration clause was not induced by fraud.

13.   In the Settlement Agreement, the parties agreed and clarified the type of pipe ("Protected RTP") that Defendants could offer into the interstate market place. Ex. A, Settlement Agreement, at 2-3, ¶¶ B.2.a. and B.2.b. The purpose of these provisions was that Defendants would purge their Polyflow material and then take the time to independently develop their own

product. Polyflow has since learned that Defendants not only have not complied with, but apparently never intended to comply with the Protected RTP provisions of the Settlement Agreement. Defendants' actions have been and are inconsistent with both the language and intent of the Settlement Agreement, and are evidence that Defendants never intended to comply with the Settlement Agreement. Polyflow has learned that Defendants have had Protected RTP improperly manufactured for them in violation of the Settlement Agreement.

14. Defendants also agreed that they would protect, and not use or disclose, certain types of Polyflow information and materials both during and after the manufacturing ban. Ex. A, Settlement Agreement, ¶¶ B.1.a.-j. The purpose of these provisions was to again prevent Defendants from using their knowledge of Polyflow information and materials, and to force them to independently develop their own product. But Defendants have continued to use Polyflow information and materials. Defendants have copied or maintained copies of Polyflow testing guidelines and instructions, Polyflow test results, Polyflow technical manuals, Polyflow case studies and photographs, Polyflow drawings, and Polyflow modelling programs. Defendants continue to use this Polyflow information to compete improperly and unfairly with Polyflow. The arbitration demand sets forth additional claims against Defendants. Ex. B.

D.   **Polyflow demands arbitration under the Settlement Agreement.**

15. Given Defendants' repeated breaches of the Settlement Agreement and violations of federal and state law, Polyflow sent Defendants a demand for arbitration on September 16, 2019, and now serves a First Amended and Supplemented Arbitration Demand, reducing the number of causes of action but adding some factual allegations. Ex. B (filed separately under seal). Although agreeing in principle to arbitration, Defendants have not responded substantively to the demand, and given Defendants' prior conduct, Polyflow believes Defendants will obstruct

and delay Polyflow's efforts to enforce the Settlement Agreement and protect its confidential and trade secret information through arbitration.

16. Polyflow therefore files this action to obtain (1) an order compelling Defendants to arbitrate and (2) an order designating and appointing an arbitrator to conduct the arbitration required by the Settlement Agreement in accordance with Polyflow's demand for arbitration. Ex. B.

## COUNT ONE:
## REQUEST FOR ORDER COMPELLING DEFENDANTS TO ARBITRATE

17. Paragraphs 1 to 16 are incorporated by reference as if fully set forth herein.

18. Polyflow and Defendants entered into a valid and enforceable arbitration agreement contained in the parties' Settlement Agreement. Ex. A.

19. Polyflow has made a demand for arbitration on Defendants. Polyflow made its arbitration demand on Defendants on September 16, 2019. The parties then negotiated ways to try and resolve their disputes that were unsuccessful, and Polyflow continued to request that Defendants confer and agree to a self-administered arbitration process.

20. Defendants have failed and refused to arbitrate under the terms of the Settlement Agreement, and although agreeing in principle to arbitrate, have failed to confer substantively with Polyflow regarding the self-administered arbitration terms and conditions. Defendants instead have most recently suggested an American Arbitration Association administered process, which is inconsistent with the terms of the Settlement Agreement, or the appointment by the Court of an arbitrator. Polyflow therefore files its complaint to compel arbitration.

21. Pursuant to 9 U.S.C. § 4 and Texas Civil Practice & Remedies Code § 171.086, the Court should issue an order compelling Defendants to proceed with the arbitration under the terms of the Settlement Agreement.

896738.7

## COUNT TWO:
## REQUEST FOR ORDER DESIGNATING AND APPOINTING ARBITRATOR

22. Paragraphs 1 to 21 are incorporated by reference as if fully set forth herein.

23. Polyflow and Defendants entered into a valid and enforceable arbitration agreement contained in the parties' Settlement Agreement. The parties have communicated since September 16, 2019, and Defendants have agreed in principle that the parties' disputes should be arbitrated.

24. The arbitration agreement does not specifically identify the method for the naming or appointing of an arbitrator. The parties at the time of the Settlement Agreement contemplated agreement on an arbitrator. In the absence of an agreement, the parties contemplated the appointment of an arbitrator by the Court. Polyflow now seeks such appointment.

25. Polyflow first suggested to Defendants that Karl Bayer, a Texas attorney experienced in arbitrating, serve as arbitrator. Defendants rejected Mr. Bayer. Thereafter, the parties exchanged a list of three potential arbitrators each in October 2019, and both Polyflow and Defendants identified Susan Soussan as a potential arbitrator, subject to her agreement and availability to act as arbitrator. However, Defendants no longer agree to the appointment of Susan Soussan as the arbitrator.

26. Defendants have refused to respond substantively to Polyflow's proposal for self-administered arbitration, including Karl Bayer as arbitrator, and then withdrew their agreement to Susan Soussan as the potential arbitrator. Polyflow and Defendants agree, though, that the Court can appoint an arbitrator, and Polyflow therefore requests such appointment.

896738.7

27. Pursuant to 9 U.S.C. § 5 and Texas Civil Practice & Remedies Code § 171.041, the Court should designate and appoint an arbitrator to conduct the arbitration required under Polyflow's Settlement Agreement with Defendants.

### PRAYER FOR RELIEF

Polyflow therefore asks the Court to conduct a hearing and to make and to issue:

1. A finding that Polyflow and Defendants have a valid arbitration agreement in the Settlement Agreement;

2. An order compelling Defendants to arbitrate as required by the Settlement Agreement;

3. An order designating and appointing an arbitrator to conduct the self-administered arbitration required under Polyflow's Settlement Agreement with Defendants.

4. Such other relief as this Court deems just and proper.

Dated: February 26, 2020.

Respectfully submitted,

SMYSER KAPLAN & VESELKA, L.L.P.

*/s/ Jeff Potts*
Jeff Potts
Bar No. 00784781
Email: jpotts@skv.com
Land Murphy
Bar No. 24058010
Email: lmurphy@skv.com
717 Texas Avenue, Suite 2800
Houston, Texas 77002
(713) 221-2300
(713) 221-2320 (fax)

**ATTORNEYS FOR PLAINTIFF POLYFLOW, LLC**

896738.7